UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | 5:25-cv-3119-SSS-JC | Date | January 14, 2026 |
|---|---|---|---|
| Title | *Brenda Paola Ixcot Guerra v. Kristi Noem et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. NO. 13]**

Before the Court is Petitioner Brenda Paola Ixcot Guerra's *ex parte* Application for Temporary Restraining Order. ["Application," Dkt. No. 13]. On January 8, 2026, Respondents filed an Opposition. ["Opp'n," Dkt. No. 17]. Petitioner filed a reply. ["Reply," Dkt. No. 18]. The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the matter, the Court **GRANTS** Petitioner's Application.

I.  PROCEDURAL AND FACTUAL BACKGROUND

On November 19, 2025, Petitioner Brenda Paola Ixcot Guerra, who is represented by counsel and is in the custody of the U.S. Department of Homeland Security ("DHS"), filed a Petition for Writ of Habeas Corpus ("Petition"). [Dkt. No. 1]. Petitioner, a Guatemalan national who was previously released on parole from immigration custody, claims that her re-arrest and detention by immigration officials in August 2025 without prior notice and a hearing violated her constitutional right to due process, among other grounds. [*See* Petition at 1-7]. On December 11, 2025, Respondents filed an Answer, to which Petitioner filed a Reply on December 12, 2025. [Dkt. Nos. 10, 11].

On January 6, 2026, Magistrate Judge Jacqueline Chooljian issued a Report and Recommendation, wherein Judge Chooljian recommended that the Petition be granted and "that Respondents be: (1) ordered immediately to release Petitioner; and (2) enjoined and restrained from detaining Petitioner without notice and a pre-detention hearing where the government bears the burden of proving, by clear and convincing evidence, that she poses a danger to the community or flight risk and that no conditions other than her detention would be sufficient to prevent those harms." ["R&R," Dkt. No. 15 at 2].

Petitioner, who was born in and is a citizen of Guatemala, was initially detained by immigration authorities on June 15, 2017, as she was entering the United States at the Mexican border near Hidalgo, Texas. [Petition ¶¶ 17–18]. At the time, she was pregnant and accompanied by a minor child. [Petition ¶ 19]. She expressed a fear of returning to Guatemala and was provided a credible-fear interview before an asylum officer. [Petition ¶ 20; Petition Ex. A]. After a favorable interview, she was placed into removal proceedings under 8 U.S.C. § 1229a, to appear before an immigration judge. [Petition ¶ 20; Petition Exs. A–B]. On June 22, 2017, she was released on parole with her minor child while her asylum application was pending before the immigration judge. [Petition ¶¶ 21–22; Petition Exs. C–E].

On November 30, 2023, the removal case against Petitioner was dismissed at the prosecutor's discretion. [Petition ¶ 24; Petition Exs. F–G]. For more than eight years, Petitioner has resided in the Southern California community with her husband and three children. [Petition ¶ 23; Petition Ex. K]. She was issued an Employment Authorization Document valid from December 16, 2023, until December 15, 2028. [Petition ¶ 25; Petition Ex. I]. On August 6, 2025, Petitioner was arrested in front of the Home Depot in downtown Los Angeles. [Petition ¶ 27]. She did not receive any notice of revocation of her parole status. [*Id.* ¶ 28). On August 12, 2025, a new Notice to Appear was issued, initiating a second removal hearing. [Petition ¶ 29; Petition Ex. J]. She is currently detained at the Adelanto Immigration and Customs Enforcement ("ICE") processing center, and she continues to seek asylum before the immigration judge. [Petition ¶¶ 29–30, 32; Dkt. No. 12].

## II.   LEGAL STANDARD

To justify ex parte relief, the moving party must make two showings: (1) "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion

procedures"; and (2) "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).[1]

For the Court to grant an application for a TRO, the moving party must show: (1) that he is "likely to succeed on the merits" of his underlying claim, (2) that he is "likely to suffer irreparable harm in the absence of preliminary relief," (3) that "the balance of equities tips in his favor," and (4) that the requested injunction "is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.,* 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

The Ninth Circuit uses a sliding scale approach to preliminary injunctions, such that "a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *see also Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012). Under the sliding scale approach, Petitioners are entitled to a TRO if they have raised "serious questions going to the merits ... and the balance of hardships tips sharply in [his] favor." *All. for the Wild Rockies*, 632 F.3d at 1131 (quoting *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003)).

### III. DISCUSSION

The Court concludes that Petitioner has demonstrated that she is entitled to the requested TRO. As mentioned, Magistrate Judge Chooljian issued an R&R recommending that this Court grant the Petition. [*See* R&R]. The Court agrees

---

[1] Ordinarily, the "circumstances justifying the issuance of an ex parte [temporary restraining] order are extremely limited." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). To be entitled to an ex parte temporary restraining order, Petitioner must set out "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. Pro. 65(b)(1)(A). However, because Petitioner has provided Respondents with notice of this ex parte filing, and Respondents have filed an Opposition, the Court will proceed.

with Judge Chooljian's analysis and conclusion, and therefore adopts the reasoning of Judge Chooljian.  [*Id.*]

Specifically, for the reasons stated in the R&R, the Court holds:

(1) 8 U.S.C. §§ 1252(a)(5), 1252(b)(9), and 1252(g) do not present a jurisdictional bar.  S*ee Jennings v. Rodriguez*, 583 U.S. 281, 292–95 (2018); *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032 (9th Cir. 2016);
(2) Petitioner is likely to succeed on the merits of her claims that her ongoing detention violates due process, as found by Judge Chooljian [*See* R&R 6–11];
(3) Petitioner is likely to suffer irreparable injury in the absence of a TRO because detention constitutes a loss of liberty that is irreparable; and
(4) the balance of equities and public interest weigh in favor of a TRO because "neither equity nor the public's interest are furthered by allowing violations of federal law to continue," *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022).

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Application is **GRANTED**.  Therefore, the Court **ORDERS** as follows:

(1) Respondents shall immediately release Petitioner; and
(2) Respondents are enjoined and restrained from detaining Petitioner without notice and a pre-detention hearing where the government bears the burden of proving, by clear and convincing evidence, that Petitioner poses a danger to the community or flight risk and that no conditions other than her detention would be sufficient to prevent those harms.

In light of the R&R objection period ending on January 20, 2025, the Court need not determine whether to issue a preliminary injunction in this case.

**IT IS SO ORDERED.**